UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARENCE CRAWLEY,
DEBRA ROTH, TRACI BROWNLEE,
and WILLIAM KIVIMAKI,

    Plaintiffs,

v.                                    Case No.: 8:10-cv-01238-T-EAK-MAP

CLEAR CHANNEL OUTDOOR, INC.,
and BALLY GAMING, INC.,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE is before this Court on defendant CLEAR CHANNEL OUTDOOR, INC. ("CCO")'s, motion to dismiss plaintiffs' second amended complaint ("complaint") (Doc. 32); defendant BALLY GAMING, INC. ("Bally")'s motion to dismiss (Doc. 34); and plaintiffs TARANCE CRAWLEY, DEBRA ROTH, TRACI BROWNLEE, and WILLIAM KIVIMAKI's response thereto (Doc. 61). Seminole Tribe of Florida ("Seminole or Tribe") filed a motion for limited intervention to move for dismissal (Doc. 53), which this Court subsequently granted (Doc. 68), and has filed a motion to dismiss (Doc. 73). For the reasons set forth below, CCO's and Bally's motions to dismiss will be granted.

    I.    *Factual Background*

Tribal Gaming is authorized under the Indian Gaming Regulatory Act ("IGRA"). *See* 25 U.S.C. § 2701 et seq. (Westlaw 2010). Indian tribes are permitted under the IGRA to conduct Class III gaming pursuant to a compact between the Indian tribe and the state. *See Id.* at §2710(d)(1). The IGRA divides gaming into three classes. Class I includes "social games solely for prizes of minimal value." *Id.* at §2703(6). Class II includes "the game of chance commonly known as bingo," and "non-banked" card

1

games. *Id.* at §2703(7). Class III gaming, which is the type of gaming at issue in the instant case, comprises all other types of gaming, including slot machines, pari-mutuel wagering, such as horse and greyhound racing, lotteries, and "banked" card games, such as baccarat, blackjack, and chemin de fer. *Id.* at §2703(6)-(8).

   *a. November 2007 Compact*

On behalf of the state of Florida, Governor Charlie Crist entered into a compact in November of 2007 with the Seminole Indian Tribe that permitted banked card games. *See Fla. House of Reps. v. Crist*, 999 So. 2d 601, 603 (Fla. 2008). Upon a challenge by the Florida Legislature, the Florida Supreme Court found that Governor Crist did not have authority to enter into the compact.

Plaintiffs are gamblers who allegedly lost money at the Seminole Indian Tribe casinos in both Tampa, Florida, and Hollywood, Florida, between January 2008 and April 2010. (Doc. 56 at ¶¶ 12-15). Plaintiffs allege that CCO and Bally should reimburse them for monies lost while gambling at a casino not operated by CCO or Bally, but by a third party, the Seminole Tribe of Florida. Counsel for Plaintiffs filed their second amended complaint on September 30, 2010, against co-defendants CCO and Bally alleging violation of §§ 849.29 and 849.34, Florida Statutes (2007). Both CCO and Bally contend that §§ 849.29 and 849.34 do not create a cause of action. Both co-defendants, in addition to Seminole, also aver that under Fed.R.Civ.P. 19, plaintiffs' claims should be dismissed for failure to join the Seminole Indian Tribe as a necessary and indispensable party.[1] Finally, both CCO and Bally challenge the plaintiffs' complaint under Fed.R.Civ.P. 8 as failing to be factually and/or legally sufficient.

---

[1] This Court will not address Rule 19's applicability as this Court finds such analysis unnecessary for the resolution of motions presently before it.

II.  *Statutory Background*

Plaintiffs' action is to recover gambling losses under §§ 849.29 and 849.34 of the Florida Statutes (2007). (Doc. 56 at ¶32). Thus, the issue presently before this Court is whether a cause of action lies within §§ 849.29 and/or 849.34. Section 849.29, Florida Statutes (2007) provides:

> The following persons shall be jointly and severally liable for the items which are authorized by this act to be sued for and recovered, and any suit brought under the authorization of this act may be brought against all or any of such persons, to wit: The winner of the money or property lost in the gambling transaction; every person who, having direct or indirect charge, control or management, either exclusively or with others, of the place where the gambling transaction occurs, procures, or suffers or permits such a place to be used for gambling purposes; whoever promotes, sets up or conducts the gambling transaction in which the loss occurs or has an interest in it as a backer, vendor, owner or otherwise; and, as to anything of value other than money, the transferees and assignees, with notice, of the persons hereinabove specified in this section; and the personal representatives of the persons specified in this section.

*Id.* The first sentence of the statute reads, [t]he following persons may be jointly and severally liable for the items which are **authorized by this act** to be sued for and recovered, and any suit brought **under the authorization of this act** may be brought against all or any such persons..." §849.29, Fla. Stat. (emphasis added). This first sentence establishes an express requirement that the suit be authorized by the Florida Legislature and only those items authorized can be recovered. Section 849.29 simply delineates who can be sued in authorized actions. Section 849.29 does not delineate what suits are authorized, or what items are authorized to be recovered. *See Id.*

There fails to exits a statute within Chapter 849 that creates a cause of action and authorizes a particular suit. The reason for this is that the statute that had previously authorized such suits has been repealed by the Florida Legislature. *See* 1974 Fla. Laws 1219, Ch. 74-382 (repealing §§ 849.27 and 849.28). Previously, §849.27 authorized suit and gave rise to a cause of action. *See* §849.27, Fla. Stat. (1973) (repealed 1974). Upon the repeal of §849.27, the authorized cause of action vanished. *See Bureau of Crimes Comp. v. Williams*, 405 So. 2d 747, 748 (Fla. 2d DCA 1981) ("[W]hen the legislature repeals a statute, the right or remedy created by

3

the statute falls with it."). Section 849.27 was the basis for any recovery as it set forth what suits were authorized and what items could be recovered. Furthermore, §849.29 does not take §849.27's place. Section 849.29 states who can be liable under a cause of action authorized by §849.27. Section §849.29 states only that authorized actions are permitted, and the authorizing statute, §849.27, has been repealed. This explains the difficulty in understanding §849.29 standing alone, as the statutes with which it should be read in conjunction no longer exist. This situation further explains why there are no published or unpublished decisions relative to §849.29. Thus, the statute giving rise to a cause of action has been repealed, and as such, plaintiffs cannot pursue their claims because they are no longer authorized under Florida law.

Plaintiffs also allege that a cause of action arises under §849.34. Section 849.34, Florida Statutes (2007) provides:

> If the plaintiff in any such suit seek to recover property lost, and if the plaintiff shall prevail as to any such property, he or she shall take judgment for the property itself and for the value thereof, the judgment as to such property to be satisfied by the recovery of the property or of the value thereof. The plaintiff may, at his or her option, sue out a separate writ of possession for the property and a separate execution for any other moneys and costs adjudged in his or her favor, or the plaintiff may sue out an execution for the value of the property and any other moneys and costs adjudged in his or her favor. If the plaintiff elect to sue out a writ of possession for the property, and if the officer shall return that he or she is unable to find the property, or any of it, the plaintiff may thereupon sue out execution for the value of the property not found. In any proceeding to ascertain the value of the property, the value of each article shall be found so that judgment for such value may be entered.

*Id.* Pursuant to §§ 849.29 and 849.34, the plaintiffs maintain that CCO and Bally are jointly and severally liable for their gambling losses which occurred while there was no valid compact between the Seminole Tribe and the state of Florida. The plaintiffs have failed to identify any supporting authority in which a cause of action has been brought pursuant to either §§ 849.29 or 849.34. After thorough research, this Court has been unable to identify case law related to any cause of action pursuant to either §§ 849.29 or 849.34.

Plaintiffs admit in their response to co-defendants' motions to dismiss that it is an "elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." *See Larimore v. State*, 2 So. 3d 101, 106 (Fla. 2008). To ignore the express language of §849.29 would violate the principles of statutory construction. Plaintiffs would have this Court ignore the carefully chosen wording selected by the Florida Legislature, which limits the plaintiffs' cause of action to items and suits authorized under the statute. If the Florida Legislature intended that a cause of action were to remain upon the repeal of §§ 849.27 and 849.28, it could have expressly stated so. *See e.g., Hap v. Toll Jupiter Ltd. P'ship*, No. 07-81027-CIV, 2009 WL 187938, at *1 (S.D. Fla. Jan 28, 2009) ("Under Florida law, when a statute that provided for a purely statutory right is repealed without reenactment the statute is treated as if it never existed."). Sections 849.29 and 849.34, standing alone, only provide procedural guidance.

III. *Insufficient Pleadings*

The co-defendants also raise a challenge whether plaintiffs' second amended complaint is factually and legally insufficient. On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly "retired" the "no set of facts" pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Twombly*, 550 U.S. at 563.

While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As a general proposition the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 550 U.S. at 555-56.

The Supreme Court has since applied the *Twombly* plausibility standard to another civil action, *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937 (2009). In evaluating the sufficiency of Iqbal's complaint in light of *Twombly's* construction of Rule 8, the Court explained the "working principles" underlying its decision in *Iqbal.* 129 S. Ct. at 1949. First, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, restating the plausibility standard, the Court held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'-'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 1951-52 (quoting *Twombly*, 550 U.S. at 567). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions because it is an interpretation of Rule 8. *Id.* at 1953.

In plaintiffs' second amended complaint, the only mention of CCO and Bally is the plaintiffs' attempt to track the language of §849.29. The plaintiffs fail to mention a solitary fact. Plaintiffs' complaint alleges:

> 35. At all material times, Defendant, CLEAR CHANNEL OUTDOOR, promoted and continues to promote Class III banked card games at Seminole Tribe casinos. CLEAR CHANNEL OUTDOOR is therefore jointly and severally liable for the Plaintiffs' losses.
>
> 36. At all material times, Defendant, BALLY GAMING, promoted and set up, and continues to promote and set up, banked card games at Seminole Tribe casinos. BALLY GAMING is therefore jointly and severally liable for Plaintiffs' losses.

Doc. 56 at ¶¶ 35, 36.

Accepting the factual allegation in the complaint as true is an impossible task in the instant case, as plaintiffs have failed to advance a single fact which indicates the contribution of CCO or Bally to alleged illegal gambling. Both CCO and Bally challenge the plaintiffs' complaint as failing to meet the plausibility standard under federal law. The plaintiffs' complaint merely states the legal conclusion that CCO and Bally participated in promoting, setting up, or conducting gambling in Florida while it was illegal. Assuming that such legal conclusions were properly reached, plaintiffs fail to factually allege how CCO or Bally participated in the alleged illegal gambling. What role either CCO or Bally played in the promotion of the gambling at the Seminole casinos is speculative at best, as there are no factual allegations as to the business operations or the functional role either co-defendant fulfilled.

There is no mention of how CCO or Bally promoted Class III banked card games, the location of such promotion, whether the plaintiffs' alleged losses were upon a single visit or multiple visits to the casino, whether the alleged losses occurred at the Tampa, Florida, or Hollywood, Florida, casino locations, or even what role either co-defendant played in their alleged support of the casino. Plaintiffs fail to state a claim that is plausible on its face. *See Twombly,* 550 U.S. at 555. Furthermore, the lack of factual allegations fails to raise the right to relief above a speculative level, even assuming all of the plaintiffs' allegations are true. It is impossible to ascertain how CCO and Bally allegedly promoted or helped set up gambling within the Seminole Casino. This Court cannot decipher whether the co-

defendants promoted illegally banked card games, without knowing the factual context of such assertion. The plaintiffs' complaint does nothing more than reach legal conclusions lacking any foundational support. Accordingly, it is:

**ORDERED** that co-defendants, CHANNEL OUTDOOR, INC. ("CCO") and BALLY GAMING, INC. ("Bally")'s motions to dismiss are granted for the reasons set forth above. (Doc. 32, 34). Seminole Tribe of Florida's motion to dismiss (Doc. 73) is denied as moot. Furthermore, CCO's request for oral argument (Doc. 33) and Bally's request for oral argument (Doc. 34) are denied as moot. Finally, plaintiffs' motion to certify class (Doc. 71) is moot, as are any other pending motions currently before this Court. The clerk is hereby directed to close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 24th day of February, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.